United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>KRISTINE MARIE SHUEY,<br><br>Debtor. | Case No. 10 BK 27054<br><br>Chapter 7<br><br>Judge: Hon. Jack B. Schmetterer |

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE AND IMPOSE SANCTIONS [DKT. NO. 20]

Debtor Kristine Marie Shuey ("Debtor") has moved to reopen her Chapter 7 bankruptcy case, stay a pending state court action brought by Creditor Craig V. Shuey ("Respondent") in the 16th Judicial Circuit in Kane County, Illinois, *Craig V Shuey v. Kristine Lathrop, etc.*, Case No. 2017 MR 949, and schedule a hearing regarding Debtor's damages as a result of amounts deducted from her paychecks, time lost from work and travel expense as a result of repeated collection actions, attorneys fees and costs, punitive damages, and other such relief as the Court may find just and proper.

For the reasons discussed below, Debtor's Motion is granted in part and denied in part.

### UNDISPUTED FACTS

1. Debtor was married to Scott David Shuey until May 5, 2011. (Dkt. No. 20.)
2. Respondent was Debtor's father-in-law until that time. (Dkt. No. 20.)
3. In 2004 and 2005, Debtor obtained several student loans and Respondent co-signed for each of these student loans. (Dkt. Nos. 20 and 25.)
4. On or about May 5, 2011, Debtor's marriage to Scott David Shuey was dissolved and Respondent became Debtor's former father-in-law. (Dkt. Nos. 20 and 25.)
5. On June 17, 2010, Debtor filed her petition for relief under Chapter 7 of the bankruptcy code. (Dkt. Nos. 20 and 25.)
6. Debtor received her Order of Discharge on October 26, 2010. (Dkt. Nos. 20 and 25.)
7. In her Schedules, Debtor listed Respondent as a creditor for payments that he made on her student loans up to that point. (Dkt. No. 25.)
8. On October 4, 2011, Respondent filed a collection action in the 16th Judicial Circuit, Dekalb Count, Illinois, *Craig V. Shuey v. Kristine M. Lathrop, etc.*, Case No. 11 MR 117, in order to recover amounts paid by Respondent on Debtor's student loans after June 17, 2010, the date on which Debtor filed her Chapter 7 bankruptcy petition. (Dkt. Nos. 20 and 25.)

1

9. Debtor had moved to New York when Respondent filed Case No. 11 MR 117 in DeKalb County, and thus Respondent refiled the case in the Supreme Court of New York, Dutchess County, Cast No. 7172/2012. (Dkt. No. 25.)

10. On January 4, 2016, judgment was entered in favor of Respondent in the New York state court. (Dkt. No. 25.)

11. Respondent subsequently enrolled the judgment in Illinois and instituted a collection proceeding in Kane County, Case No. 16 LM 719, which resulted in a wage garnishment. (Dkt. No. 25.)

12. On July 25, 2017, Respondent commenced another state court proceeding in Kane Count, Illinois, Case No. 17 MR 949 to recover amounts incurred by him for payments made on Debtor's student loans after the date of the New York judgment. That case remains pending. (Dkt. Nos. 20 and 25.)

13. Debtor filed the instant Motion on October 27, 2017, arguing that the case should be reopened and that Respondent's repeated attempts to collect on payments for her student loans made after the discharge injunction was put in place constitutes a sanctionable offense. (Dkt. No. 20.)

14. Respondent filed his Response to Debtor's Motion on November 11, 2017, arguing that only the prepetition student loan payments were discharged in Debtor's bankruptcy and that because the debts he is attempting to collect on are postpetition, his conduct is not sanctionable.

15. In Debtor's Reply, filed on November 27, 2017, she argues that Respondent's assertion that only the prepetition loans are discharged are not supported by any legal authority and not "well developed" such that they are waived pursuant to 7th Circuit case law, that Respondent has his own obligation to pay the entire loan amount as a joint borrower, and that his repeated attempts to collect constitute a willful violation of the discharge injunction.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding

2

pursuant to 28 U.S.C. § 157(b). "Moreover, bankruptcy courts have core jurisdiction to interpret and enforce their orders." *In re Kewanee Boiler Corp.*, 270 B.R. 912, 917 (Bankr. N.D. Ill. 2002).

## DISCUSSION

### I. The Portion of Debtor's Motion Requesting that the Case be Reopened is Granted Because Reopening a Case is Merely a Ministerial Task

The reopening of a bankruptcy case is governed by 11 U.S.C. § 350(b). That section of the Bankruptcy Code states that, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The court has wide discretion in considering a debtor's motion to reopen the bankruptcy case. *In re Redmond*, 380 B.R. 179, 185 (Bankr. N.D. Ill. 2007). The Seventh Circuit has written that the power of § 350(b) is, "reserved for matters such as the correction of errors, amendments necessitated by unanticipated events that frustrate a plan's implementation, and the need to enforce the plan and discharge." *In re Zurn*, 290 F.3d 861, 864 (7th Cir.2002).

In this case, the relief that Debtor seeks is to enforce the discharge injunction that she received in her Chapter 7 case in order to stay a state court collection proceeding against her initiated by Respondent and to seek a hearing on damages, including punitive damages, against Respondent for his alleged repeated violations of the discharge injunction pursuant to 11 U.S.C. § 524. What Debtor seeks in this case is squarely within the purview of 11 U.S.C. 350(b), and thus, it is up to this Court to consider, in its discretion, whether there are grounds for reopening the case.

Courts have often considered the application of 11 U.S.C. § 350(b) as a "purely ministerial task that does not supply any independent relief to the movant." *In re Clark*, 512 B.R. 906, 908-09 (Bankr. N.D. Ill. 2014). Simply reopening the Debtor's case does not prejudice Respondent, nor does it offer any independent relief to the Debtor, and thus, that portion of her Motion will be granted by separate order.

### II. The Portion of Debtor's Motion Seeking the Imposition of Sanctions and Stay of Collection Proceeding is Denied Because The Entirety of Her Debt to Respondent was Not Discharged

Debtor argues at great length about the whether the alleged violation by Respondent of the discharge injunction was "willful" within the meaning of 11 U.S.C. § 524. Debtor asserts that

3

because Respondent has not offered any authority indicating that her obligations on the loans upon which the parties were cosigners survived the Chapter 7 discharge, all attempts by Respondent to collect upon these wholly discharged debts are willful violations of the discharge injunction that contradict the Bankruptcy Code's policy of offering debtors a fresh start. As such, argues Debtor, Respondent's actions in violation of the discharge injunction of which he was aware constitute willful violations and necessitates the imposition of sanctions.

This Court does not need to answer the question of whether Respondent's conduct was "willful," in nature because Debtor is fundamentally incorrect that the discharge she received in her Chapter 7 case wholly eliminated any debt that she might owe to Respondent in the future based upon the loan which the parties cosigned. In Debtor's Schedules from her previous Chapter 7 case, attached as Exhibit A to the Response, Debtor listed Craig Shuey as a creditor in her schedules twice, for two separate amounts totaling $47,804.31. Both parties agree that this amount was correctly discharged in Debtor's prior bankruptcy. However, those debts were incurred between 1998 and 2005 and on April 22, 2010 according to Debtor's schedules. Debts accruing as a result of payments made by Respondent on behalf of cosigner Debtor after the Chapter 7 discharge were plainly not included in Debtor's schedules. Debtor has set forth no legal authority indicating that the full amount of the loan was discharged, other than her general arguments that bankruptcy affords a debtor a fresh start.

Whether the Debtor scheduled only the past due obligations is not the determinative factor when considering whether the entirety of a debt has been discharged. The relationship between Debtor, the principal obligor, and Respondent, the cosigner, is such that future obligations are entirely conditional until they become past due on Debtor's part. In general, only obligations due at the time the bankruptcy petition is filed are dischargeable. *In re Papi*, 427 B.R. 457, 461 (Bankr. N.D. Ill. 2010). That is not always the case, however, as there instances where an installment obligation with several payments yet to be made becomes fully due and owing as a result of an acceleration clause. *In re Doctors Hosp. of Hyde Park, Inc.*, 508 B.R. 697, 704 (Bankr. N.D. Ill. 2014). In such cases, future payments on an obligation become fully dischargeable. *Id.* at 705. That is clearly not the case here, as no such acceleration has occurred. Only when Debtor misses a post-discharge payment on the loan does the obligation of Respondent to make a payment arise, and only when Respondent actually makes a payment does he become entitled to payment from Debtor. Thus, even if Debtor had scheduled the full amount

4

of the loan in anticipation of her refusal to make post-discharge payments on the loan, that still would not have discharged the obligation as to Respondent because the future debt was wholly conditional at that time.

Debtor's assertion that Respondent's legal theories and arguments are entirely undeveloped have no merit. Respondent has clearly articulated his reasoning, arguing that because only the prepetition defaults were included in Debtor's schedules, on any amounts that he has paid on the loan after discharge, he is entitled to equitable indemnity. The question of whether such an equitable right exists is not established under the Bankruptcy Code, but rather by non-bankruptcy law. *In re FJS Tool & Mfg. Co., Inc.*, 88 B.R. 866, 870 (Bankr. N.D. Ill. 1988) (quoting D. Cowans, Bankruptcy Law and Practice § 12.29 (1983 Interim Edition) ("Certain entities may be liable to a creditor along with a debtor. A guarantor, a surety, a co-signor, a joint venturer, a joint tortfeasor, an endorser and perhaps other persons may have a legal obligation to pay the creditor. A person who gives the creditor collateral for the obligation the debtor has a liability for may likewise be in a position of having to satisfy the creditor. Bankruptcy Law does not create such liabilities nor does it create the right of such person to reimbursement from the debtor. They are a matter of non-bankruptcy law."). In Illinois, when a surety pays more than his or her fair share of a debt or obligation upon which he or she and the principal debtor are obligated, the surety is equitably entitled to contribution. *Trego v. Cunningham's Estate*, 267 Ill. 367, 373 (1915).

Respondent does not argue, as Debtor contends, that the obligations of Debtor arising from his payments on the loans should be considered education debts pursuant to 11 U.S.C. § 523(a)(8). Rather, Respondent is arguing, and Debtor concedes, that Debtor is still liable on the student loans because they were excepted from her discharge. Thus, when any payment on the loans come due that Debtor does not make, Respondent is liable as cosigner on the loans. If Debtor's argument were accepted Respondent would find himself in a situation where Debtor acknowledges that she has an obligation to pay her student loans which were not discharged in her Chapter 7 case, refuses to make these payments for whatever reason, and Respondent is left to pay subsequent installment payments on the loans without being able to seek contribution from Debtor because, according to her, the entirety of the obligation between Debtor and Respondent was discharged as a result of her Chapter 7 case. Pursuant to Illinois law, this plainly cannot be the case because Respondent is entitled to contribution from the primary obligor. *Id.*

5

Thus, because only the prepetition amounts paid by Respondent were discharged in Debtor's previous Chapter 7 case, and because Respondent has continued to make payments post-discharge on a loan which Debtor is and continues to be the primary obligor, Respondent's post-discharge attempts to collect on amounts arising after the Debtor's Chapter 7 discharge are not violations of the Debtor's discharge injunction. Therefore, the portion of Debtor's Motion seeking to impose sanctions and stay the state court collection proceeding on Respondent will be denied by separate order.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Reopen Chapter 7 Case and Impose Sanctions will be granted to the extent that Debtor seeks to reopen her case, but denied to the extent that Debtor seeks to impose sanctions upon Respondent or stay the state court collections proceeding.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 3 day of January, 2018