United States Bankruptcy Court
Northern District of Illinois
Eastern Division

In re:

KRISTINE MARIE SHUEY,

Debtor.

Case No. 10 BK 27054
Chapter 7
Judge: Hon. Jack B. Schmetterer

**MEMORANDUM OPINION ON DEBTOR'S MOTION TO ALTER OR AMEND [DKT. NO. 33]**

Debtor Kristine Marie Shuey ("Debtor") has moved this court, pursuant to Fed. R. Bankr. P. 9023, to alter or amend its Memorandum Opinion [Dkt. No. 30] and Order [Dkt. No. 28] entered on January 4, 2018, granting in part and denying in part Debtor's Motion to Reopen her Chapter 7 case and Impose Sanctions [Dkt. No. 20]. Creditor Craig V. Shuey ("Respondent") was the party opposed to the Motion to Reopen and Impose Sanctions and the instant Motion to Alter or Amend.

For the reasons discussed below, Debtor's Motion to Alter or Amend is denied by separate order entered concurrently herewith.

**UNDISPUTED FACTS**

1. Debtor was married to Scott David Shuey until May 5, 2011. (Dkt. No. 20.)
2. Respondent was Debtor's father-in-law until that time. (Dkt. No. 20.)
3. In 2004 and 2005, Debtor obtained several student loans and Respondent co-signed for each of these student loans. (Dkt. Nos. 20 and 25.)
4. Debtor acknowledges that this debt was not discharged in her bankruptcy. (Dkt. No. 40.)
5. On or about May 5, 2011, Debtor's marriage to Scott David Shuey was dissolved and Respondent became Debtor's former father-in-law. (Dkt. Nos. 20 and 25.)
6. On June 17, 2010, Debtor filed her petition for relief under Chapter 7 of the bankruptcy code. (Dkt. Nos. 20 and 25.)
7. Debtor received her Order of Discharge on October 26, 2010. (Dkt. Nos. 20 and 25.)
8. In her Schedules, Debtor listed Respondent as a creditor for payments that he made on her student loans up to that point. (Dkt. No. 25.)
9. On October 4, 2011, Respondent filed a collection action in the 16th Judicial Circuit, Dekalb Count, Illinois, *Craig V. Shuey v. Kristine M. Lathrop, etc.*, Case No. 11 MR 117, in order to recover amounts paid by Respondent on Debtor's student loans after June 17,

1

Case 10-27054   Doc 44   Filed 04/03/18   Entered 04/04/18 07:55:26   Desc Main
Document      Page 2 of 8

2010, the date on which Debtor filed her Chapter 7 bankruptcy petition. (Dkt. Nos. 20 and 25.)

10. Debtor had moved to New York when Respondent filed Case No. 11 MR 117 in DeKalb County, and thus Respondent refiled the case in the Supreme Court of New York, Dutchess County, Cast No. 7172/2012. (Dkt. No. 25.)

11. On January 4, 2016, judgment was entered in favor of Respondent in the New York state court. (Dkt. No. 25.)

12. Respondent subsequently enrolled the judgment in Illinois and instituted a collection proceeding in Kane County, Case No. 16 LM 719, which resulted in a wage garnishment. (Dkt. No. 25.)

13. On July 25, 2017, Respondent commenced another state court proceeding in Kane Count, Illinois, Case No. 17 MR 949 to recover amounts incurred by him for payments made on Debtor's student loans after the date of the New York judgment. That case remains pending. (Dkt. Nos. 20 and 25.)

14. Debtor filed her Motion to Reopen and Impose Sanctions on October 27, 2017, arguing that the case should be reopened and that Respondent's repeated attempts to collect on payments for her student loans made after the discharge injunction was put in place constitutes a sanctionable offense. (Dkt. No. 20.)

15. Respondent filed his Response to Debtor's Motion on November 11, 2017, arguing that only the prepetition student loan payments were discharged in Debtor's bankruptcy and that because the debts he is attempting to collect on are postpetition, his conduct is not sanctionable.

16. In Debtor's Reply, filed on November 27, 2017, she argued that Respondent's assertions that only the prepetition loans are discharged are not supported by any legal authority and not "well developed" such that they are waived pursuant to 7th Circuit case law, that Respondent has his own obligation to pay the entire loan amount as a joint borrower, and that his repeated attempts to collect constitute a willful violation of the discharge injunction.

17. On January 3, 2018, this Court entered its Memorandum Opinion and Order on Debtor's Motion to Reopen and Impose Sanctions, allowing Debtor to reopen her case, but denying her request for sanctions against Respondent. (Dkt. Nos. 28 and 30.)

18. The Court held that the entirety of the debt between Debtor and Respondent had not been discharged in her instant Chapter 7 case, that Debtor had a continuing obligation to pay her student loans, and because Respondent is jointly liable any time she does not do so, he has an equitable right to contribution each time a new payment becomes due and he pays more than his share. (Dkt. No. 30.)

19. Accordingly, the Court denied the portion of Debtor's Motion seeking sanctions and also declined to stay the state court collections proceeding against her. (Dkt. No. 30.)

20. On January 18, 2018, Debtor filed her instant Motion to Alter or Amend. Debtor argues that, pursuant to Fed. R. Bankr. P. 9023 (which makes Fed. R. Civ. P. 59 applicable in bankruptcy proceedings), the opinion and order must be altered or amended because the Court made legal errors in its analysis. Specifically, Debtor argues that the court erroneously applied Illinois law when discussing Respondent's status as a surety and that the entirety of the prepetition obligation between Debtor and Respondent was discharged in bankruptcy. She further states that pursuant to Illinois precedent, obligations of a guaranty are independent from the debt instrument. *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746 (N.D. Ill. 2012). As such, Debtor argues that any obligation between herself and Respondent was discharged in bankruptcy. (Dkt. No. 33.)

21. On February 16, 2018, Respondent filed his Response to the Motion. He argues that the court's analysis of the relationship between himself and Debtor was correct, and that each time she fails to pay, a new obligation upon which he may seek contribution, is created. Moreover, Respondent argues that Debtor is attempting to obtain a second bite of the apple, arguing new legal theories not initially discussed in her Motion to Reopen and Impose Sanctions. (Dkt. No. 38.)

22. On February 28, 2018, Debtor filed her Reply. Debtor reiterates her argument that the court erred in its analysis of the relationship between herself and Respondent, based upon the language in the loan documents. Additionally, Debtor argues that she is not attempting to argue new legal theories and that the arguments that the now makes stem from the original Motion to Reopen and Impose Sanctions. Finally, Debtor requests that if the Court should alter or amend its judgment, that the case be reinstated for the determination of appropriate sanctions. (Dkt. No. 40.)

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). "Moreover, bankruptcy courts have core jurisdiction to interpret and enforce their orders." *In re Kewanee Boiler Corp.*, 270 B.R. 912, 917 (Bankr. N.D. Ill. 2002).

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59, applicable in bankruptcy due to Fed. R. Bankr. P. 9023, a court has discretion in whether or not to entertain a Rule 59(e) motion to alter or amend. FED R. BANKR. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.")*LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Rule 9023 motions allow movants to bring manifest errors of law and fact to the Court's attention so they may be corrected. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The decision to grant or deny such a motion is within the Court's discretion. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

As a preliminary matter, Respondent is correct that motions to alter or amend should not be used to relitigate old matters or present cases under new legal theories. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 103 (1995). But, that is not what the Debtor is attempting to do here. Debtor in her Motion to Alter or Amend is clearly arguing that the Court improperly characterized the relationship created between Debtor and Respondent and that the obligations between the parties were discharged, issues central to her previous Motion to Reopen and Impose Sanctions. Thus, Debtor is only making an attempt to address what she believes is an incorrect interpretation of the law on the Court's part which falls squarely within the purview of Fed. R. Bankr. P. 9023.

Debtor argues, primarily, that the Court erred in two important respects. First, Debtor asserts that the Court's analysis of the contractual relationship between herself and Respondent is incorrect and that Respondent does not have a right to equitable contribution under Illinois law. Second, Debtor argues that whatever obligation did exist between herself and Respondent was discharged earlier in her bankruptcy case. Each of the Debtor's arguments are addressed below.

4

**I. Debtor is Incorrect that Respondent is Not a Surety and Does Not Have a Right to Equitable Contribution**

Debtor asserts that the Court erroneously interpreted the credit agreement upon which she was principal obligor and Respondent was a cosigner as creating a surety relationship between them. As support for this position, Debtor argues that the language of the credit agreement only made the parties jointly liable upon the contract. The relevant language reads:

> "By signing this credit agreement below, I certify that I intend to (i) apply for joint credit and (ii) be jointly liable with the borrower for this loan."

Debtor is correct that this language made herself and the Respondent jointly liable to each other for the performance of this contract, namely making the required loan payments. However, Debtor's assertion that the Court erroneously considered this joint liability relationship to be a suretyship between the parties is incorrect. Generally speaking, "parties who bind themselves jointly for the performance of one entire duty become sureties for one another for performance of the contract." 12 *Williston on Contracts* § 36:1 (4th ed.). As indicated by the language above, the parties clearly entered into a relationship where they were jointly liable in order to perform one entire duty, which was to pay back the loan. As such, the parties can be considered to be sureties for one another. Debtor's argument that the Court erred in determining that Respondent is a surety is incorrect.

Consequently, Debtor's argument that the Court's discussion of equitable contribution was unnecessary is also incorrect. As the Court indicated in its earlier opinion on Debtor's Motion to Reopen and Impose Sanctions, Illinois precedent clearly establishes that when a surety pays more than his fair share of a debt or obligation upon which he and the principal obligor are obligated, the surety is equitably entitled to contribution. *Trego v. Cunninham's Estate*, 267 Ill. 367, 373 (1915). Debtor's argument that pursuant to Illinois law, Respondent would not be considered an accommodation party, but rather a co-maker of a loan is irrelevant. 810 ILCS 5/3-419(a); *Godfrey State Bank v. Mundy*, 90 Ill. App. 3d 142, 144 (1980). The fact that Respondent is a co-maker of a loan or an accommodation party is not the operative fact. Rather, because the parties bound themselves jointly to pay back the loan, they are sureties for one another. It is because of that relationship, not his status pursuant to the Illinois statute cited by Debtor, that Respondent is entitled to equitable contribution for making each loan payment in its entirety,

5

while Debtor contributes nothing. Thus, Debtor's assertion that Respondent is not a surety is incorrect.

## II. Debtor's Argument that Respondent's Rights as Co-Maker of the Loan Ended Upon Discharge is Incorrect

Debtor next argues that any rights that Respondent had as co-maker of the loan ended upon entry of the discharge order. As discussed above, Respondent's rights in this case are those of a surety, and specifically, the right to equitable contribution. In support of this argument, Debtor argues that the obligation created by a guaranty relationship is an independent obligation separate from the debt instrument itself. *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746 (N.D. Ill. 2012). Debtor asserts that this obligation was created pre-petition and was necessarily discharged as part of her bankruptcy.

Debtor confuses the rights of Respondent and sequence of events at issue in this case. While she is correct that the surety obligations are independent of the credit agreement in this case, she incorrectly assumes that the entirety of the obligation as between sureties arise at the time the suretyship is created and the contract is formed. Illinois law clearly provides that a surety will have a right to equitable contribution *only when* that surety has paid more than his fair share. *Trego*, 267 Ill. at 373. In the instant case, that has occurred twice. First, Respondent made payments which Debtor failed to make prior to her petition for bankruptcy was filed. Respondent's right to equitable contribution for these amounts was discharged during Debtor's bankruptcy case, and it is undisputed that he does not seek to recoup these amounts from Debtor. Second, Respondent has made several payments which came due post-petition on a loan which Debtor admits was not discharged in her bankruptcy.

Respondent's right to equitable contribution did not arise, as Debtor seems to think, at the moment the parties entered into this contract and became sureties for one another. Rather, Respondent's right to equitable contribution is only created in the event that Debtor fails to make a payment and Respondent pays more than his fair share. While the underlying credit agreement and surety relationship were created pre-petition, Respondent's rights to equitable contribution on post-petition loan payments necessarily only arise post-petition. Thus, the right to equitable contribution from Debtor is also a new obligation, arising post-petition, and only in the instance where Respondent pays more than his share of the obligation. Moreover, Debtor's argument that the ability of Respondent to seek equitable contribution was erased by the discharge is incorrect.

That right only arises when Respondent pays more than his fair share. If there is no payment due, then Respondent's right to equitable contribution simply does not exist and could not have been discharged. Likewise, had Debtor been making payments on the loan, or had Respondent been paying only his half of the obligation, such a right would not arise, and Debtor would be correct that Respondent is entitled to nothing post-petition. However, because Respondent has been carrying the burden of paying the entirety of the loan payments as they come due, he is entitled to equitable contribution on each such payment made, a right which has only arisen as a result of Debtor's post-petition failure to pay her share of the loans.

Debtor's assertion that Respondent is attempting to seek to establish that the she is personally liable for any pre-petition claim is thus incorrect. *In re Hunter*, 970 F.2d 299, 311 (7th Cir. 1992). Respondent's right to equitable contribution is not a pre-petition claim. The amount upon which he seeks contribution has only accrued post-petition. Debtor clearly misunderstood the Court's previous holding. It is not the post-petition payments due on the pre-petition loan that are new obligations. It is the failure of Debtor to make payments on the loan post-petition that creates Respondent's right to equitable contribution each time he pays more than he owes. That is the new obligation created post-petition, even though the loan existed prior to Debtor's bankruptcy case. *Trego*, 267 Ill. at 373. Debtor's discussion of § 523 is irrelevant as Respondent is not seeking to declare the debt non-dischargeable, he is seeking to enforce his remedy of equitable contribution.

Thus, because Respondent's rights to equitable contribution only arose on post-petition payments, when Respondent paid entire loan payment installments, such right only arose post-petition. Debtor is incorrect that her obligation as a surety was completely discharged by her bankruptcy case, and because the claims for equitable contribution have arisen post-petition, Debtor is liable for these amounts as the Court initially ruled.

Therefore, Debtor's Motion to Alter or Amend will be denied by separate order entered concurrently herewith.

### III. Debtor's Request to Reopen Her Case and Impose Sanctions is also Denied

In her Reply, Debtor requested that should this Court reconsider its holding, that her case be reopened in order to determine what sanctions, if any, are appropriate against Respondent. Debtor reiterates her arguments from her Motion to Reopen and Impose Sanctions, asserting that Respondent has acted willfully, intentionally, and in contravention of the bankruptcy discharge

in attempting to recover the loan payments he has made. Debtor is correct that a party that knowingly violates a discharge may be held in civil contempt. *In re Andrus*, 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995). However, given that this court has previously held, and now holds, that Respondent's actions did not violate the bankruptcy discharge because his right to equitable contribution arose only post-petition, his conduct is not sanctionable.

As the Court has declined to alter its previous holding, Debtor's request to reopen and impose sanctions will likewise be denied by separate order entered concurrently herewith.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Alter or Amend will be denied by separate order to be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of April, 2018