United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 10 BK 27054 |
|---|---|
| KRISTINE MARIE SHUEY, | Chapter 7 |
| Debtor. | Judge: Hon. Jack B. Schmetterer |

**OPINION ON CREDITOR CRAIG V. SHUEY'S MOTION FOR SANCTIONS [DKT. NO. 39]**

Creditor, Craig V. Shuey, ("Creditor") has moved this court, pursuant to 28 U.S.C. § 1927 and Fed. R. Bankr. P. 9011, to impose sanctions against Debtor, Kristine Shuey n/k/a Kristine Lathrop, ("Debtor") for her refusal to withdraw her Motion to Alter or Amend [Dkt. No. 33].

For the reasons discussed below, Creditor's Motion will be denied by separate order entered concurrently herewith.

## BACKGROUND

The instant Motion for Sanctions stems from a dispute between Debtor and Creditor regarding Creditor's ability to seek equitable contribution on post-petition payments he made on a non-discharged student loan which he co-signed and is jointly liable upon. This Court entered an opinion [Dkt. No. 30] and order [Dkt. No. 28] on Debtor's initial Motion to Reopen and Impose Sanctions on Creditor [Dkt. No. 20] on January 4, 2018. The Court held that Creditor had a right to equitable contribution on these post-petition payments and was not barred by the discharge injunction from recovering those payments from Debtor.

Debtor then filed a Motion to Alter or Amend [Dkt. No. 33], disputing the Court's reasoning, particularly its reliance on Illinois law declaring that sureties are entitled to equitable contribution. On April 3, 2018, this Court issued an opinion [Dkt. No. 44] and order [Dkt. No. 46] denying Debtor's Motion to Alter or Amend, explaining that as parties who are jointly liable on the loan, Creditor and Debtor are sureties and Creditor is entitled to equitable contribution. The Court further explained that Creditor is only entitled to contribution after he makes payments on the loan which cover Debtor's share, and that because these payments are being made post-petition, his right to equitable contribution on these specific payments arose post-petition and were not discharged.

On February 27, 2018, Creditor filed the instant Motion for Sanctions. Creditor argues that Debtor's Motion to Alter or Amend put forth largely the same arguments that the Court found unpersuasive in her Motion to Reopen and Impose Sanctions. Creditor requested that

1

Debtor withdraw the motion on February 2, 2018, or he would pursue sanctions. Debtor refused to do so in the 21-day window provided by Creditor, and he followed through on his threat to file the instant Motion. Creditor argues that Debtor's conduct is sanctionable under two separate provisions.

First, Creditor asserts that Debtor's conduct is sanctionable pursuant to Fed. R. Bankr. P. 9011, which incorporates Fed. R. Civ. P. 11. In relevant part, that provision states that by submitting a pleading, a party certifies to the best of its, "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that its pleadings are not presented to unduly delay or harass an opposing party, that the claims have legally sufficient basis, and that the factual allegations have factual support. FED. R. BANKR. P. 9011; FED. R. CIV. P. 11. Rule 11 sanctions are typically imposed on parties who file documents with the court for some improper purpose. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts."). Such sanctions are often imposed when a party files frivolous or legally unreasonable documents with the court. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A suit is frivolous if the probability of the suit's success is very low. *Maxwell v. KPMG LLP*, 520 F.3d 713, 719 (7th Cir. 2008). The Rule imposes an affirmative duty of reasonable investigation upon the attorney who signs the pleading. *Fred A. Smith Lumber Co. v. Eddin*, 845 F.2d 750, 751 (7th Cir. 1988). Creditor seeks payment of his reasonable attorney's fees and other expenses incurred due to the Motion to Alter or Amend.

Second, Creditor argues that sanctions against Debtor are warranted pursuant to 28 U.S.C. § 1927. That provision provides, in relevant part, that any attorney, "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 11 U.S.C. § 1927. Conduct is sanctionable under § 1927 in cases where attorneys act egregiously in disregarding, "the orderly process of justice," including where an attorney "pursued a claim that is without plausible legal or factual basis and lacking in justification . . . or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Group, Ltd. v. Medline Indus. Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations omitted). Creditor seeks payment of his reasonable attorney's fees and other expenses incurred due to the Motion to Alter or Amend.

2

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. § 1334(b).

## DISCUSSION

### I. Debtor's Conduct is Not Sanctionable Pursuant to Fed. R. Bankr. P. 9011

Creditor argues that Debtor's purpose behind her Motion to Alter or Amend was simply to delay or harass him. He asserts that Debtor waited until the last possible moment to file her Motion to Alter or Amend, and that despite the Court's opinion and order on her Motion to Reopen and Impose Sanctions making it clear that the Creditor's state court collection action should not be stayed, Debtor sought and received a stay after filing her Motion to Alter or Amend. Imposition of sanctions pursuant to Rule 11 are viewed objectively based on the reasonableness of the filing under the circumstances. *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943, 943 (Bankr. N.D. Ill. 1988). "[A]ttorneys should only be penalized where they have failed to maintain a minimum standard of professional responsibility, viewed objectively. *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943, 948 (Bankr. N.D. Ill. 1988) (citing *Lepucki v. Van Wormer*, 765 F.2d 86, 87 (7th Cir. 1985)).

In the instant case, Creditor has failed to show that Debtor's filing fell below a minimum standard of professional responsibility. While Creditor is correct that Rule 11 is meant to punish parties who file frivolous pleadings, Debtor's conduct in filing the Motion to Alter or Amend was not such a pleading. Debtor's purpose in filing the Motion to Alter or Amend cannot be said to be one to vex or harass Creditor. Debtor raised legitimate legal issues that required the Court to issue a clearer opinion on the matter, specifically with regards to the timing of Creditor's rights to equitable contribution and clarifying why Debtor and Creditor were sureties of one another. While a reasonable inquiry by the Debtor may have resulted in the conclusion that the Motion to Alter or Amend would ultimately be denied, the issues are not so obvious as to conclude that they were not worthy of this Court's consideration.

It was not plain to see, at the time when Debtor filed her Motion to Alter or Amend, that her probability of success on the Motion was friviously low. Moreover, Debtor's legal basis for an alteration or amendment, while judged to be incorrect, certainly existed. Debtor asserted that the Court incorrectly reasoned that Creditor had the benefits and responsibilities of suretyship and argued that suretyship was a separate obligation from the note that was discharged. Again, while Debtor's argument was ultimately deemed to be incorrect in the opinion and order issued on April 3, 2018, she set forth a legal basis upon which the Court might have found in her favor. Rule 11 does not require a party to investigate its arguments to the point of certainty. *Id.* at 948-49.

Therefore, Debtor cannot be sanctioned pursuant to Fed. R. Bankr. P. 9011.

**II. Debtor's Conduct is Not Sanctionable Pursuant to 28 U.S.C. § 1927**

Creditor alternatively argues that Debtor is subject to sanctions pursuant to 28 U.S.C. § 1927 because the Court's opinion on Debtor's Motion to Impose Sanctions clearly decided that Debtor continued to be liable on the loan payments made by Creditor on her behalf.

The Seventh Circuit has held that a bankruptcy judge has the authority to impose sanctions under 28 U.S.C. § 1927 because that judge is part of the District Court. *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000). In order to successfully impose sanctions on a party pursuant to § 1927, the moving party must show that the litigation was unreasonably and vexatiously multiplied. *In re Kitchin*, 327 B.R. 337, 368 (Bankr. N.D. Ill. 2005).

As discussed above, Creditor has not shown that Debtor acted in an unreasonable or vexatious manner by filing her Motion to Alter or Amend. While Debtor was ultimately incorrect in her argument that the opinion and order should be altered or amended, she set forth a basis for believing so and cited relevant legal authority that she believed proved that the Court erred in its reasoning. Again, the issues in this case were not entirely obvious, and Debtor's filing of her Motion to Alter or Amend do not constitute a vexatious action simply because she incorrectly believed the Court had erred. While the Motion to Alter or Amend did require additional briefing, and an additional opinion was issued by this Court on the subject, the proceedings were not so burdensome as to become "vexatious."

Therefore, Debtor's conduct is not sanctionable pursuant to 28 U.S.C. § 1927.

4

## CONCLUSION

Finally, it is worth noting that were this Court to grant sanctions each time a party set forth an incorrect legal argument in its pleadings, it would not do much of anything else.

For the foregoing reasons, Creditor's Motion for Sanctions will be denied by separate order to be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of April, 2018

APR - 5 2018