UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Case No. 10 BK 27054 |
|---|---|
| KRISTINE MARIE SHUEY, | Chapter 7 |
| Debtor. | Hon. Jack B. Schmetterer |

### MEMORANDUM OPINION ON MOTION TO ALTER OR AMEND
### [DKT. NO. 76]

Debtor Kristine Shuey ("Debtor") now moves to alter or amend the Opinion on Remand [Dkt. No. 73] and Order on Remand [Dkt. No. 75]. For reasons articulated below, Debtor's Rule 9023 Motion to Alter or Amend Ruling and Order (the "Motion to Alter or Amend") [Dkt. No. 76] will be **DENIED** by separate order to be entered concurrently herewith.

### BACKGROUND

**A. Case History**

This case has a long history. Creditor Craig Shuey ("Creditor") and Debtor both adopt the "Facts and Procedure History" as stated in the Opinion on Remand. Accordingly, because the parties do not dispute the case background, the Facts and Procedural History identified in the Opinion on Remand are adopted and incorporated herein. [*See* Dkt. No. 73, at 1-6].

The first ruling on Debtor's Motion to Reopen and Motion for Sanctions granted Debtor's request insofar as she sought to reopen her bankruptcy case, but denied sanctions against Creditor as it held that Creditor's claim against Debtor was a post-petition obligation. [Dkt. Nos. 28 & 30]. Debtor then filed her Motion to Alter or Amend. [Dkt. No. 33]. That Motion to Alter or Amend was likewise denied. [Dkt. Nos. 48 & 50]. Debtor then appealed to the District Court. The District Court issued an Opinion remanding the proceeding to determine: (1) whether Creditor's claim was indeed a contingent claim that was discharged in Debtor's Chapter 7 bankruptcy; and (2) the applicability of any possible 11 U.S.C. § 523(a) exceptions to Creditor's claims. [Dkt. No. 61].

Upon remand, the Opinion on Remand and Order on Remand were entered on August 16, 2019. That Opinion held: (1) Creditor's claim was a contingent pre-petition claim that was discharged in Debtor's chapter 7 bankruptcy; (2) Creditor's pre-petition claim was not excepted from the discharge under any provision of 11 U.S.C. § 523(a); and (3) sanctions against Creditor for violation of the discharge injunction were not warranted as Creditor's actions were undertaken on an objectively reasonable basis. Consequently, the Order on Remand: (1) enjoined Creditor from pursuing any attempt to collect against Debtor for the co-signed student loans made in 2004

1

and 2005; (2) ordered Creditor to dismiss any counts related to the student loans from the Illinois state court proceeding; and (3) denied Debtor's request of sanctions.

### B. The Motion to Alter or Amend

On August 30, 2019, Debtor filed the present Motion to Alter or Amend. [Dkt. No. 76]. In her present Motion to Alter or Amend, Debtor argues that the Opinion on Remand made two errors. Specifically, Debtor argues that the Opinion on Remand erred: (1) by failing to distinguish between damages and sanctions; and (2) by concluding that Creditor's state court collection actions were objectively reasonable. Debtor contends that compensatory damages are distinct from sanctions and ought to be awarded regardless of whether sanctions are granted. Furthermore, Debtor asserts that Creditor's actions of seeking full indemnification under a joint loan could not possibly be "objectively reasonable."

On October 3, 2019, Creditor filed a Response to the Motion to Alter or Amend. [Dkt. No. 85]. In his Response, Creditor argues that Debtor has failed to demonstrate a manifest error of law or fact as his actions against Debtor was not conducted with conscious disregard of the bankruptcy discharge because: (1) Debtor did not object in any state proceeding that Creditor's claim were discharged nor did Debtor seek a determination as to the dischargeability; and (2) Debtor did not list the full value of the joint loans in her Schedule F but rather listed only the pre-petition amounts made by Creditor. Creditor further asserts that the cases cited by Debtor for the proposition that damages can be awarded separate from sanctions are distinguishable as no willful violation of the injunction can be found to exist here; in contrast, Creditor argues that his actions were undertaken in good faith with an objectively reasonable basis as the applicable law is unsettled.[1]

On October 17, 2019, Debtor filed a Reply. [Dkt. No. 86]. In her Reply, Debtor reiterates the entire procedural history of how Creditor proceeded with collection efforts against Debtor seeking full recovery of all amounts paid and argues that Creditor's action to collect on the full value of post-petition payments on a pre-petition obligation require an imposition of sanctions.

This is the fourth round of briefs (not including any made on appeal at the District Court) of litigation issues since the parties started their battle.

---

[1] Creditor also argues that he obtained opinions from attorneys in various states (where he was informed by stated counsel that his claim was not discharged in the bankruptcy) before undertaking any collection efforts. Creditor asserts that this fact showcases his lack of a knowing violation of the discharge. However, no evidence has been presented as to this issue of fact and this argument is deemed waived.

2

**JURISDICTION AND VENUE**

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Jurisdiction also exists in this matter as "the discharge injunction arises under the Bankruptcy Code at § 524(a)(2)." *In re Torrence*, No. 14-BK-34470, 2015 WL 3962529, at *2 (Bankr. N.D. Ill. June 26, 2015), *subsequently aff'd sub nom. Torrence v. Comcast Corp.*, 663 F. App'x 475 (7th Cir. 2016).

**DISCUSSION**

**A. The Standard for a Motion to Alter or Amend**

Debtor's Motion to Alter or Amend is brought under Federal Bankruptcy Procedure Rule 9023. FED. R. BANKR. P. 9023. Rule 9023 incorporates Federal Civil Procedure Rule 59. *Id.* ("Except as provided in this rule and [Bankruptcy Procedure] Rule 3008, Rule 59 . . . applies in cases under the [Bankruptcy] Code."). Under Rule 59(e), a party may move to alter or amend a judgment. *See* FED. R. CIV. P. 59(e). However, unlike Rule 59, which allows a motion to alter or amend to be filed within 28 days after the entry of the judgment, under Bankruptcy Rule 9023, the motion must instead be filed within 14 days. *See* FED. R. BANKR. P. 9023.

"To prevail on a Rule 59(e) motion to alter or amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). This allows the court to correct its own errors to avoid burdensome appellate proceedings. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The decision to grant or deny a motion to alter or amend is within the sound discretion of the court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). However, motions to alter or amend should not be used to relitigate old matters or present cases under new legal theories. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied*, 514 U.S. 103 (1995).

**B. Debtor's Argument of Damages Being Distinct from Sanctions Has Been Waived and Is Without Merit**

3

As a preliminary matter, if Debtor ever decided to seek monetary damages, an adversary proceeding was required to seek such relief. FED. R. BANKR. P. 7001(1). None was ever filed.

Debtor asserts that a "manifest error" was made in the earlier decision in not recognizing that compensatory damages should be awarded regardless of whether sanctions are granted. This argument was not raised prior to judgment; accordingly, it has been waived. A motion to alter or amend "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented" prior to judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). In *six* prior briefs over the course of the case, Debtor never once previously made the contention that damages should be awarded separate from sanctions. While Debtor's prayers for relief in prior briefs did request a hearing to determine the extent of her damages, no argument was made as to damages being granted unconnected to sanctions. Instead, Debtor's sole argument was simply that "bankruptcy courts have the authority to award remedial and compensatory damages *in the form of sanctions for violations of the discharge injunction.*" [Dkt. No. 8, at 8] (emphasis added). Now, for the first time in her present Motion to Alter or Amend, Debtor raises the contention that damages are distinct from sanctions. Debtor's new argument is waived. "Arguments that could have been made earlier but are instead raised for the first time in a Rule 59 motion are waived." *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1006 (7th Cir. 2008). To the extent Debtor's prior requests for an evidentiary hearing to determine the extent of her damages constituted such an argument, her unsupported arguments are likewise waived. *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Furthermore, even if not waived, Debtor's argument that the bankruptcy court made an error of law is without merit. To succeed upon a finding of manifest error of law, Debtor must "clearly establish" that the bankruptcy court failed to recognize "controlling precedent." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013), *aff'd sub nom. Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). In her Motion to Alter or

4

Amend, in support of the position that damages are distinct from sanctions, Debtor has not provided any controlling precedent from this circuit, but instead has offered only decisions from other circuits. Decisions from one circuit, while entitled to respectful consideration, are not controlling in other circuits. *See, e.g., United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("Nothing the eighth circuit decides is 'binding' on district courts outside its territory. Opinions 'bind' only within a vertical hierarchy. A district court in Wisconsin must follow [the Seventh Circuit's] decisions, but it owes no more than respectful consideration to the views of other circuits."). Accordingly, because Debtor has failed to provide any proper authority to clearly establish that the prior decision disregarded, misapplied, or failed to recognize controlling precedent, Debtor has failed to demonstrate a manifest error of law as to the prior ruling that held that sanctions are not justified.

## C. Debtor Fails to Demonstrate that Creditor's Actions Were Not Objectively Reasonable

Debtor further argues that a "manifest error" was made in concluding that Creditor had an "objectively reasonable" basis for his collection actions. Debtor does not dispute that the controlling precedent as to the issue of sanctions is *Taggart v. Lorenzen*. 139 S. Ct. 1795 (2019). The proper standard is an objective one. *Id.* at 1801. In *Taggart*, the United States Supreme Court stated that:

> [A] court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

139 S. Ct. at 1799. As it has now been held in the Opinion on Remand that Creditor's claim was a contingent pre-petition claim that was discharged and not excepted from the discharge injunction under any provision of 11 U.S.C. § 523(a), there is no doubt that Creditor's collection efforts for a discharged debt violated the discharge order. *See* 11 U.S.C. § 524(a)(2) ("[A discharge] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."). Because Creditor violated the discharge order, a court may "sanction a party for violating the discharge injunction only if the party took some action prohibited by § 524(a)(2)—i.e., an action to collect, recover or offset any [discharged] debt

5

... of the debtor." *In re Taylor*, 793 F.3d 814, 819 (7th Cir. 2015) (quoting *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1307 (10th Cir. 2008)).

Accordingly, the issue is whether the Opinion on Remand made a manifest error in holding that Creditor had an objectively reasonable basis for concluding that his collection efforts were lawful. In reaching that conclusion that Creditor had an objectively reasonable basis, the Opinion on Remand cited: (1) Creditor had legal support for his position that similar claims were held to be excepted from discharge; and (2) Creditor found support for his position in earlier decisions of this case. Hence, the Opinion on Remand held, under the circumstances, that it would be difficult to state with conviction that there was no fair ground of doubt in the instant case as to Creditor's collection efforts to grant sanctions. *See Longshoremen v. Philadelphia Marine Trade Assn.*, 389 U.S. 64, 76 (1967) (holding that civil contempt is not appropriate unless "those who must obey" an order "will know what the court intends to require and what it means to forbid").

In her Motion to Alter or Amend, Debtor contends that Creditor only cited case law in support for his position after the District Court rendered its remand decision; therefore, no indication exists that Creditor relied on those cases before moving forward with his collection efforts. However, Debtor did not originally present that argument in her Reply Brief on Remand. [Dkt. No. 71]. Debtor did not take issue with Creditor's argument in his Brief on Remand that case law supported his position and justified his actions as reasonable until after the Opinion on Remand was entered. [*See* Dkt. No. 67]. In Debtor's Reply on Remand, Debtor's only argument against the cases Creditor cited was that he didn't analyze or argue them and that those line of cases were rejected by the majority of courts. [Dkt. No. 71, at 1-2]. As Debtor failed to develop this argument before judgment was rendered, it was waived. *Gen. Auto*, 526 F.3d at 1006.

Debtor further asserts that the Opinion on Remand improperly considered that Creditor found support for his position in earlier decisions in this case given that Creditor's actions occurred prior to commencement of this case. In light of further review, Debtor is correct. The earlier decisions of this case (held in 2018 and 2019) could not have provided support to Creditor's actions that occurred prior to 2018. As such, the influence of earlier decisions of the case will not now be considered in deciding whether Creditor had an objectively reasonable basis for his actions. However, the rest of the reasoning of the Opinion on Remand still supports the conclusion that Creditor's actions were objectively reasonable.

6

Debtor argues that the Opinion on Remand did not properly consider that Creditor sought full indemnification of every cent paid, instead of mere contribution, on the two joint loan agreements. Debtor, bizarrely enough, continues to reiterate how every single one of Creditor's state court claims (based on breach of contract, indemnity, quantum meruit, and on Debtor and her ex-husband's marital settlement agreement) were made without legal basis. Debtor continues to contend that Creditor is not a surety but rather is jointly liable under the loans. Essentially, Debtor is attacking the judgment entered against her by the New York state court which held that Creditor, who cosigned the joint loans, "acted as a surety under the joint loan . . . [and] is equitably entitled to full indemnity against the consequences of the default of [Debtor], the principal obligor." [Dkt. No. 25, Ex. B].

Debtor's attempt at relitigating this issue is barred by collateral estoppel. The doctrine of collateral estoppel holds that "a judge's ruling on an issue of law or fact in one proceeding binds in a subsequent proceeding the party against whom the judge had ruled, provided that the ruling could have been . . . challenged on appeal, or if not that at least it was solid, reliable, and final rather than intended to be tentative." *Loera v. United States*, 714 F.3d 1025, 1028 (7th Cir. 2013) (internal quotations omitted).

> A party is constrained by collateral estoppel as a matter of federal law only where four criteria are satisfied: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action."

*Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1594 (2018); citing *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011).

There is no question that collateral estoppel applies here. The issue precluded was whether Creditor was a surety under the joint loan agreement. The issue was litigated in the New York state court. Debtor testified and attempted to argue there that the funds received from the loans were used for marital purposes. The determination that Creditor was a surety under the loan rendered by the New York state court was essential to the judgment that Creditor, who paid on the loans when Debtor refused to do so, was subsequently entitled to full indemnification by Debtor. Debtor, who appeared, testified, attempted to contest Creditor's action, and did not argue any issues of

7

representation, has not now raised any grounds to claim that she was not fully represented in that case. Therefore, collateral estoppel applies to preclude any issues Debtor raises with the final judgment that Creditor acted as a surety under the loan agreements. Any questions Debtor had with the adjudication could have, and should have, been brought on appeal. Therefore, to the extent Debtor is arguing that Creditor's actions in the New York state court (seeking full indemnification instead of mere contribution) were legally deficient and should not have occurred at all, that argument is barred by collateral estoppel.

Even on the merits, Debtor's argument is unpersuasive. In her bankruptcy schedules, Debtor never listed the value of any post-petition payments to be due under the joint loans. Debtor's bankruptcy schedules only listed the pre-petition payment amounts made by Creditor and not the amount of the entire loans. [Dkt. No. 1]. Creditor initiated state court collection actions under valid authority (but perhaps under the minority viewpoint) that his claim was not discharged in bankruptcy. *See In re Kelly*, 582 B.R. 905, 911 (Bankr. S.D. Texas 2018); *see also Brown v. Rust*, 510 B.R. 562 (Bankr. E.D. Ky. 2014). In those state court proceedings, Debtor did not argue that Creditor's claim was discharged in bankruptcy nor did she seek a determination as to the dischargeability of Creditor's claim. Instead, it was only years after judgment was entered that Debtor initiated the present bankruptcy litigation. While it is true that Debtor's characterization of Creditor's post-petition claims as a pre-petition, contingent claim that was discharged ultimately prevailed, an objective observer could have reasoned (just as the prior Opinion that was remanded did) that any post-petition payments made on the joint loans were not discharged through the bankruptcy.

Accordingly, reconsidering Creditor's actions under the standard enunciated in *Taggart*, Creditor's actions were objectively reasonable. With arguments backed by legal support, Creditor obtained a judgment holding, as a surety under the joint loan agreements, that he was entitled to full indemnification by Debtor as to any payments he made under the loans. Creditor then moved to collect on the valid, final judgment that was not challenged. So, it is clear, at a very minimum, that there was a fair ground of doubt as to whether Creditor's actions were wrongful. Under the circumstances, any objectively reasonable observer may have acted similarly. Therefore, under the objective standard enunciated by the Supreme Court, sanctions are not warranted for Creditor's arguably proper actions. *Taggart*, 139 S. Ct. at 1801-02 ("civil contempt 'should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct . . . civil

contempt is a severe remedy, and that principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt.") (internal quotations and citations omitted).

Because Debtor fails to clearly establish a manifest error in the earlier decision holding that Creditor's actions were objectively reasonable, no grounds exist to grant Debtor's Motion to Alter or Amend.

## CONCLUSION

For the foregoing reasons, Debtor's Motion to Alter or Amend will be **DENIED** by separate order entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 18th day of December 2019

9